UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANTE LEVERETTE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HEATHER SHIRLEY, et al.,<br><br>　　　　　Defendants. | Case No.: 1:23-cv-00521 SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDERS**<br><br>**14-DAY OBJECTION PERIOD**<br><br>Clerk of the Court to Assign District Judge |

**I.　　INTRODUCTION**

Plaintiff Dante Leverette, along with 17 other state prisoners, was originally a plaintiff in a civil rights action entitled *Thomas, et al., v. Shirley, et al*. and assigned case number 1:23-cv-00470-BAM (PC).

On April 5, 2023, Magistrate Judge Barbara A. McAuliffe issued an Order To Sever Action, Order to Strike Unsigned Complaint, and Order to Submit Signed Complaints and Application to Proceed *In Forma Pauperis* or Pay Filing Fee in the *Thomas v. Shirley* action. (*See* Doc. 1.) Plaintiff's claims were severed from those of plaintiff Thomas and the other 17 state prisoners. (*Id*. at 3.) The Clerk of the Court was directed to open a separate civil action for Plaintiff's claims. (*Id*. at 3-4.) Plaintiff was also ordered to submit a completed and signed application to proceed *in forma pauperis*, or alternatively, to pay the $402 filing fee within 45

days of the date of service of the order. (*Id*. at 4.) Finally, Plaintiff was ordered to file a signed complaint or a notice of voluntary dismissal within 45 days of the date of service of the order. (*Id*.)  On that same date, this action was opened and assigned case number 1:23-cv-521-SKO and new case documents issued accordingly. (*See* Docket & Doc. 2.)

More than 45 days have elapsed since the Court issued its Order striking the unsigned complaint and ordering Plaintiff to file a signed complaint in this action and to submit a completed and signed application to proceed *in forma pauperis*. Plaintiff has failed to do so.

## II. DISCUSSION

### A. Legal Standards

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

### B. Analysis

Plaintiff has failed to submit a completed and signed application to proceed *in forma pauperis,* and has not filed a signed complaint or notice of voluntary dismissal, as directed in the

1 Court's April 5, 2023, order. The Court cannot effectively manage its docket if Plaintiff ceases
2 litigating his case. Thus, the Court finds that both the first and second factors—the public's
3 interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh
4 in favor of dismissal. *Carey*, 856 F.2d at 1440.

5 The third factor weighs in favor of dismissal since a presumption of injury arises from the
6 occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524
7 (9th Cir. 1976). Here, the Court's April 5, 2023 order provided Plaintiff with 45 days within
8 which to file a signed complaint or a notice of voluntary dismissal in this action and to submit an
9 application to proceed *in forma pauperis*. Plaintiff has failed to comply with the Court's orders,
10 and his inaction amounts to an unreasonable delay in prosecuting this action resulting in a
11 presumption of injury. Therefore, the third factor—a risk of prejudice to defendants—also weighs
12 in favor of dismissal. *Carey*, 856 F.2d at 1440.

13 The fourth factor usually weighs against dismissal because public policy favors
14 disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However,
15 "this factor lends little support to a party whose responsibility it is to move a case toward
16 disposition on the merits but whose conduct impedes progress in that direction." *In re*
17 *Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006)
18 (citation omitted). By failing to file a signed complaint or notice of voluntary dismissal, or
19 submitting a signed and completed application to proceed *in forma pauperis*, Plaintiff is not
20 moving this case forward and is impeding its progress. Thus, the fourth factor—the public policy
21 favoring disposition of cases on their merits—weighs in favor of dismissal. *Carey*, 856 F.2d at
22 1440.

23 Finally, the Court's warning to a party that failure to obey the court's order will result in
24 dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262.
25 The Court's April 5, 2023, order warned: "**A Plaintiff's failure to comply with this order will**
26 **result in dismissal of that Plaintiff's individual action**." (Doc. 1 at 4.) In the Court's First
27 Informational Order in Prisoner/Civil Detainee Civil Rights Case, issued that same date, Plaintiff
28 was also advised in relevant part: "In litigating this action, the parties must comply with this

Order, the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and the Local Rules of the United States District Court, Eastern District of California ("Local Rules"), as modified by this Order. Failure to so comply will be grounds for imposition of sanctions which may include dismissal of the case. Local Rule 110; Fed. R. Civ. P. 41(b)." (Doc. 2 at 1.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance. Therefore, the fifth factor—the availability of less drastic sanctions—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

In sum, Plaintiff has failed to comply with the Court's orders, and in doing so, has failed to prosecute this action. Whether Plaintiff has done so intentionally or mistakenly is inconsequential. It is Plaintiff's responsibility to comply with the Court's orders and to prosecute this action. The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore.

### III.    CONCLUSION AND RECOMMENDATIONS

The Court **DIRECTS** the Clerk of the Court to assign a district judge to this action.

For the reasons given above, the Court **RECOMMENDS** that this action be DISMISSED without prejudice for Plaintiff's failure to obey court orders and failure to prosecute.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **May 30, 2023**                    /s/ *Sheila K. Oberto*
                                             UNITED STATES MAGISTRATE JUDGE